**DIGICON CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 02–604C.

United States Court of Federal Claims.

April 22, 2003.

William A. Shook, John Longstreth, and Michael D. Garson, of Washington, D.C., for plaintiff.

James W. Poirier, Attorney, Civil Division, Department of Justice, Washington D.C., with whom on the briefs were David M. Cohen, Director, and Robert D. McCallum, Jr., Assistant Attorney General, for defendant.

### *ORDER*

SMITH, Senior Judge.

On November 19, 2002, the Defendant filed a Motion for Partial Summary Judgment on Counts I & II of Plaintiff's Complaint. Plaintiff responded on February 14, 2003, and Defendant replied on March 20, 2003.

The Plaintiff also filed a Sur–Reply on April 4, 2003. The Court held Oral Argument on Defendant's Motion on April 10, 2003. After consideration of the briefs and the issues presented at Oral Argument, the Court hereby DENIES the Defendant's Motion for Partial Summary Judgment.

Rule of the United States Court of Federal Claims .56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law." A material fact is a fact that might affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the moving party, the Defendant "bears the burden of demonstrating the absence of a genuine issue of material fact." *O'Connor v. United States*, 308 F.3d 1233, 1240 (Fed.Cir.2002). In determining whether the Defendant has met this burden, the Court must examine the non-movant's evidence in the light most favorable to the non-movant, and draw all justifiable inferences in favor of the non-movant. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

In the present case, the Defendant urges the Court to find that the contracting officer lacked the authority to enter the contract with Digicon. Furthermore, the Defendant argues that the unauthorized contract was never ratified by an official with the appropriate ratification authority. The Defendant's first argument presents complex issues and potential factual questions that alone could defeat the government's Motion. Fortunately, the Court does not need to examine the issue of authority, because even if authority did not exist, the Court is of the opinion that the contract was ratified.

In the case of an unauthorized contract, it is well established that an agency can "institutionally" ratify the contract, even in the absence of specific ratification by an authorized official. *Janowsky v. United States*, 133 F.3d 888, 892 (Fed.Cir.1998) (citing *Silverman v. United States*, 230 Ct.Cl. 701, 679 F.2d 865, 870 (1982)); *Dolmatch Group, Ltd. v. United States*, 40 Fed.Cl. 431, 438 (1998) (stating that "[t]he Federal Circuit, moreover, has recently revitalized the concept of institutional ratification."). Specifically, institutional ratification occurs when the government seeks and receives the benefits from an otherwise unauthorized contract. *Janowsky*, 133 F.3d at 891–92. Although the Defendant asserts that ratification regulations supplant the institutional ratification doctrine, the Court finds this argument unpersuasive. First, there is no mention in *Janowsky* or *Silverman* of the regulations that were then in place. Second, the current regulations do not indicate that they are the only method of ratification, nor that they are intended to displace the doctrine of institutional ratification. Rather, the Federal Circuit emphasized that an unauthorized contract can be ratified by the institution when the government receives a direct benefit and the contracting officer possesses some level of authority. *Janowsky*, 133 F.3d at 891.

Here, the Air Force demonstrated its acceptance of the Task Order (the "contract") by executing an express written agreement, explicitly and repeatedly recognizing the existence of the contract, and by benefitting from the products and services provided by Digicon under the contract for sixteen (16) months. The Air Force further confirmed its intent to treat the contract as a binding commitment by making over $16 million in payments and attempting to exit the agreement under the terms of the contract. Lastly, Ms. Kathy Williams, a contracting officer with unlimited contracting authority, was directly involved in the implementation and oversight of the contract. These indicia of intent sufficiently demonstrate the government's institutional ratification of the contract.

Therefore, the Court hereby DENIES Defendant's Motion for Partial Summary Judgment, and SCHEDULES a telephonic status conference for April 30, 2003, at 4:30 p.m. EDT, to determine further proceedings in this matter.

**It is so ORDERED.**